International Tape v. Technicote        CV-97-084-M    04/21/00

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


International Tape Company, Inc.,
     Plaintiff

     v.

Technicote, Inc.,
     Defendant


        AND                                     Civil No. 97-084-M
                                                (Consolidated Cases)
                                                Opinion No. 2000 DNH 095

Universal Tape Company, Inc.,
     Plaintiff

     v.

Technicote, Inc. and
International Tape Company, Inc.,
     Defendants



**O R D E R**


     These consolidated cases arise from the manufacture and

distribution of an allegedly defective product by Technicote,

Inc. ("Technicote").  International Tape, Inc. says that it

contracted to purchase a "release liner" from Technicote, which

it then incorporated into one of its products, a "security tape."
In turn, International sold the finished product to Universal
Tape Company (a company related to, or affiliated with,
International, that appears to operate as the entity through
which International distributes its products).

After what it claims were unsuccessful efforts to have
Technicote repair or replace the allegedly defective release
liner, International sued Technicote for breach of contract
(count 1) and intentional interference with advantageous economic
relations (count 2). Subsequently, Universal sued both
Technicote and International, seeking compensation for losses it
claims to have sustained after reselling the product manufactured
by International that incorporated Technicote's allegedly
defective release liner.

Technicote moves to dismiss Universal's complaint for
failure to state a viable claim. See Fed. R. Civ. P. 12(b)(6).
Universal objects.

## Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983).

Notwithstanding the liberal allowances of notice pleading and the deferential reading mandated by Rule 12(b)(6), a district court must ensure that "each general allegation be supported by a specific factual basis." Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990). As this court (Barbadoro, J.) has observed:

3

[A] district court need not accept subjective characterizations, bald assertions, or unsubstantiated conclusions. Moreover, while "the line between 'facts' and 'conclusions' is often blurred," the line must be drawn. For it is only when such conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, that "conclusions" become "facts" for pleading purposes.

Care is required in determining the sufficiency of a complaint to insure that "heightened pleading" requirements are invoked only if such requirements are specifically authorized by the Federal Rules of Civil Procedure. However, even under the general pleading requirements of Fed. R. Civ. P. 8(a), a complaint will not withstand a motion to dismiss if the plaintiff has merely recited the elements of the complaint's causes of action in conclusory terms. Notice pleading requires factual allegations which, if true, establish all of the required elements of plaintiff's causes of action.

Millard v. Wolfeboro, No. 94-38-B, slip op. (D.N.H. August 18, 1994) (citations omitted).

## Discussion

It is, perhaps, best to begin with a discussion of Universal's claim against Technicote. In its complaint,

4

Universal alleges that "[a]s a result of the respective <u>breaches by Technicote and International of their obligations to Universal</u>, Universal has been damaged . . . and continues to be damaged because of loss of contracts for the proprietary product." Complaint at para. 14 (emphasis supplied). Unfortunately, what is entirely unclear from Universal's complaint is the <u>nature</u> of the legal obligations Universal claims Technicote owed it (e.g., tort, contract, quasi-contract, product liability, etc.) or the legal theory under which Universal is proceeding.

A few things are clear, however. Plainly, Universal was not a party to the contract between Technicote and International and, therefore, has no direct breach of contract action against Technicote. What is equally evident from Universal's pleadings is that it does not advance any claim that it was an intended third-party beneficiary of the contract between International and Technicote.

5

Because the complaint does not develop (or identify) Universal's claim in any meaningful way, except merely to allege that "breaches" by Technicote caused it to suffer damages, the court cannot reasonably conclude that, if Universal's factual allegations are credited as true, it is entitled to relief. And, Universal's one page objection to the motion to dismiss is unhelpful. That objection presents not a single citation to authority, is unaccompanied by a (required) legal memorandum, and provides no insight at all into the nature of Universal's legal claims against Technicote. It provides, nearly in its entirety, as follows:

> [Universal] has alleged, and therefore it should be accepted, that the defendant Technicote, Inc. (Technicote) provided defective products to the defendant International. The defendant International, relying on the representations of Technicote, sold the product to Universal. Universal sold the defective product, and as a result has been economically harmed.
>
> If the product defect was caused by Technicote, then Universal's and International's damages would be the responsibility of Technicote.
>
> If the product defect was caused by International, then Universal's damages would be the responsibility of International.

> Until it is determined that there was a defect, and that one of the defendants was the cause of it, plaintiff must sue both defendants.

Universal's objection to motion to dismiss (document no. 31) (emphasis supplied).

Universal's objection is plainly deficient. Like its complaint, the objection fails to reveal even the basic legal theory of recovery Universal is pursuing against Technicote. In response to a motion to dismiss, a plaintiff must do more than simply claim that it was harmed by someone and demand compensation. At a minimum, a concise statement of plaintiff's legal theory of recovery and references to the pertinent, supportive facts are necessary. Citations to controlling or persuasive legal authority would also be helpful. Universal's objection offers none of this and, instead, rests solely on a bald assertion of entitlement to damages.

This court could, I suppose, liberally construe the bare facts pled, identify all of the potentially applicable theories

7

of recovery given those facts, research the pertinent law, and then advance arguments as to why one or more of those theories survives (or fails to survive) a pending motion to dismiss. But the court cannot act as Universal's lawyer. At the very least, the other parties could legitimately complain, and it would not be appropriate for a judge to review the sufficiency of legal arguments he or she has posited. Besides, the court has more than enough to do considering and deciding the legal matters properly presented in scores of other cases. In short, the court cannot assume the role of adviser, advocate, or legal counsel to any of the parties. See, e.g., Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.") (citation omitted), cert. denied, 525 U.S. 1114 (1999). See also Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed."). United States v. Torres-Rosa, __ F.3d __, 2000 WL 298569 (1st Cir. March 27, 2000)

8

(concluding that it is not the court's obligation "to do counsel's homework.").

Counsel is no doubt busy and anxious to practice in as efficient a manner as possible, but shifting research, pleading, and briefing responsibilities to the court is not a viable option. As then Judge Scalia observed when he was sitting on the Court of Appeals for the District of Columbia:

> The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them. Thus, Rule 28(a)(4) of the Federal Rules of Appellate Procedure requires that the appellant's brief contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Failure to enforce this requirement will ultimately deprive us in substantial measure of that assistance of counsel which the system assumes – a deficiency that we can perhaps supply by other means, but not without altering the character of our institution. . . . [W]here counsel has made no attempt to address the issue, we will not remedy the defect, especially where, as here, "important questions of far-reaching significance" are involved.

<u>Carducci v. Regan</u>, 714 F.2d 171, 177 (D.C. Cir. 1983) (citations omitted).  The same principles apply with equal force at the district court level, though its doubtful that important questions of far-reaching significance are involved in this case.  But, absent informative briefing it is difficult to tell with any degree of certainty.

To the extent Universal believed it had a viable legal claim against Technicote, it was obligated to plead that claim (and the supporting factual allegations) with sufficient specificity to enable both the court and Technicote to understand at least the basics of its legal theory.  <u>See generally</u> Fed. R. Civ. P. 8(a)(2).  If, upon further reflection, it realized that it lacked a viable claim, it should have withdrawn its complaint (or, at a minimum, acquiesced in Technicote's motion to dismiss).  Universal has done neither.  Instead, in response to Technicote's assertion that Universal does not have any viable legal cause of action, Universal has simply said, without elaboration, "Oh, yes,

10

we do."  That response, particularly in the wake of Universal's vague complaint, is insufficient to defeat a motion to dismiss.

## Conclusion

Universal's objection to the motion to dismiss is plainly deficient.  Nevertheless, in the interests of justice, the court will afford Universal the opportunity to respond in a more appropriate fashion.  Accordingly, on or before May 12, 2000, Universal shall file a supplemental objection and supporting legal memorandum addressing, at a minimum: (a) the legal theory or theories under which it is pursuing Technicote; (b) facts which, if credited as true, would entitle it to relief under one or more of those theories; and (c) statutory and/or case law supportive of those theories.  Should Universal fail to do so, the court will dismiss its claims against Technicote for failure to state a claim and/or failure to prosecute.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

11

April 21, 2000

cc:  Armand M. Hyatt, Esq.
     Douglas L. Ingersoll, Esq.
     Mark F. Sullivan, Esq.